We'll hear the first case on calendar, United States v. Davis. May it please the court. My name is Walter Mack, and I represent defendant, appellant, Matthew Davis. I believe or I hope the court is aware of the fact that I did move before the district court this week for a motion for a new trial based on newly discovered evidence. And at the suggestion of the calendar clerk, I at least raised the issue of whether or not the court wishes to hear the appeal. Although I know the government opposes the remand, it does, in our view, the motion for the new trial goes to the very heart of the appeal. So- That may be, but this is the only appeal we have here today. Absolutely, Your Honor, I'm prepared. I'm prepared for an appeal, and then the day before, decide that we'll put off hearing it to another day. I understand that, Your Honor, and I do apologize. I can't explain why that was such a delay. But I- You don't have to explain here. You may have to explain in the district court, but you don't have to explain here. So let me then argue the appeal that is before the court and state that this case resulting in was a six count indictment resulting in conviction of the first narcotics conspiracy count. Judge Forrest dismissed on rule 29, counts two through five, and the remaining count the jury hung on. The primary argument by the government at the summation was in fact that Matthew Davis was a, his primary role was as a violent offender. An individual who was the strong arm, the muscle, and what have you. They acknowledged specifically that the testimony with respect to his street alleged drug situation was weak, and they relied primarily upon the evidence of Kevin Wilson, who was an individual whose testimony primarily dealt with the murder of Terry Harrison, is what it boils down to. Those four counts were dismissed. What I am arguing primarily here is, in fact, that as the dates indicate, the rule 29 motion was made on the, basically, the last day that evidence was taken. And as a result of that, the charges, the charges of the judge, the summations, all would have been extremely different. Had not, if the rule 29 had been ruled on by Judge Forrest at that time. But the government argues that the evidence was overlapping in any event. It was all background information to what this defendant was charged with. Well, your honor, I mean, the jury deliberated for four days or three and a half days with evidence that, in our view, or counts that should not have been before them, is what it boils down to. The evidence is not exactly the same. First of all, the summations would have been different, the charge would have been different. And what are those differences? Well, who knows what infection by Kevin Wilson's testimony, who's had a completely different description, would have been a different evidence, leaked over during those three and a half days of deliberation. Would the jury still have heard about the murder? They would have heard about the murder, but whether they would have heard all about all the other murders in the case, and whether the charge would have been the same, which spent a great deal of time. There was a great deal of evidence having to do with pecuniary value, what money was going to be expended, what was going to be paid. There was ballistics evidence, there was gun evidence. And if, in fact, the Rule 29 had been granted before the charge and the summation, that is what I'm suggesting should have happened. And as the court is aware, that Judge Forrest put absolutely no value when she sentenced in the testimony of Kevin Wilson. Now, I don't know, during those three and a half days, what poison or what infection might have leaked over from the gun evidence, from what he was saying, into the conspiracy count. Council, you're not proposing a per se rule that district judges have to rule on Rule 29 motions before the jury deliberates? Absolutely not, Judge Forrest. That's good. And following up on that, wouldn't you agree that it's at least common practice, if not good practice, to wait to hear what the jury has to say before dismissing counts? Well, Your Honor, I think in this case, when you consider the whole record, that there is a great danger that a, and I recognize the point that the judge's job is not to evaluate credibility. And my complaint would have been that the motion for a new trial should have occurred right after the Rule 29, given the circumstances. because I would suggest that in fact, the record was infected. Who knows what the jury did during that time? And in this, it is- We never knew. Absolutely. And that's why I'm saying that when you know that the judge who sentenced this individual and the enforcer, that in fact, and sentenced him primarily on the prior felony information mandatory requirement, that this is a situation where under the circumstances, given the judge's strong views of Kevin Wilson and the no value to his testimony, my suggestion is the better course would have been, and the fairer course for my client, would have been a new trial. And I, and, and recognize that by the time I was assigned to this case, it was after sentence, I think it was actually on the day of sentence, my time for a motion for new trial and what have you were, were, had gone, had been expended. And, and, as I say, I will have whatever issues I need to have before Judge Forrest. Okay, thank you. I think you reserved rebuttal. I did. May it please the court. My name is Jessica Lonergan. I represent the United States on this appeal, and I represented the United States below before Judge Forrest. Matthew Davis was convicted after a failed fair trial, and he received a fair sentence. I'd like first just to comment on a couple things that counsel for the appellant said during his argument. First, he argued that the government acknowledged that the evidence of Matthew Davis's dealing of drugs separate and apart from enforcer evidence, as he calls it, was weak. That was not at all the case. As we've outlined in our brief, and as I can discuss here even more briefly, there was plenty of evidence about Matthew Davis's dealing of drugs separate and apart from violence. And again, I know the court's familiar with the records, I don't want to go into it too much, but Kareem Thomas testifies about a 200 gram crack deal with another individual who's a member of the conspiracy referred to as Pudge. He testifies as well about Matthew Davis searching for a missing kilogram of cocaine after Pudge was killed. Kevin Wilson testified not only about the murder, but also at, in the same time frame as that 200 gram crack deal, seeing approximately 200 baggies of crack cocaine in the basement where Matthew Davis was staying. Isn't it true that he doesn't deny dealing drugs, it's just that he denies being part of the conspiracy? That he was a drug dealer, he was a small drug dealer, and not connected to any larger group. Well, I think that is part of his argument, and I think that the evidence also belies that. Because for example, Kareem Thomas testified that he owed a drug debt to Pudge. And when Pudge believed that Kareem Thomas was selling crack too slowly, he would text Kareem Thomas things like, I'll get mad on you. And that would make Kareem Thomas concerned, and that shows that Matthew Davis was a member of the conspiracy. Also, after Pudge's death, in a wiretap recording, Matthew Davis is recorded talking about, he says about Pudge, he didn't have any problems in Harlem. And as the record made clear, this was a large ranging drug conspiracy that encompassed both Harlem and the Bronx. So by Matthew Davis saying Pudge didn't have problems in Harlem, he's showing that he's intimately familiar with where Pudge is dealing drugs, who he might have problems with. This is pretty thin. Your Honor, we respectfully disagree that the evidence is thin. There's also- The evidence of dissipation in a larger conspiracy. I mean, I would disagree with that it's thin. There's also evidence about, if our- Sure, so with respect to Kevin Wilson, Kevin Wilson puts Matthew Davis in the middle of this conspiracy by identifying people. So his story includes identifying other members of the conspiracy, someone named Kyle Harris, someone named Tareen Joseph. And he puts them in part of the story. He also identifies Roger Key. And then that's corroborated by other people. And he puts Matthew Davis right in the middle of those people as part of this murder conspiracy. And then, for example, Bernard Folks, who is a member of the conspiracy, a member of the rival gang. He also identifies these individuals as being members of the rival gang. He doesn't know Matthew Davis, but he says, for example, Kyle Harris, Roger Key. There's also phone records that show contact between Matthew Davis' phone, Kyle Harris' phone, Tareen Joseph's phone, all at the time that these events are taking place. That's entirely consistent with the timeline established by Kevin Wilson and other members of the conspiracy. Matthew Davis' name and jail number are in Roger Key's address book. Matthew Davis is in a surveillance video after Pudge's death looking for, as Green-Thomas explains, they're going to look for surveillance cameras at the Red Rooster to figure out if there's any way that they can try to establish who killed Pudge and what happened to that missing kilogram. Matthew Davis makes a threat to shoot Baldy in the head because he cannot determine, in terms of trying to figure out the location of the missing kilogram. In addition, there's testimony from Kevin Wilson, that's corroborated by surveillance video, of Matthew Davis and other members of this conspiracy going to beat up Dante Barber in the wake of violence that followed the Terry Harrison murder. So we think that all of this establishes it's not just one incident, but that it's showing a pattern of Matthew Davis' involvement in this conspiracy for two years, from 2010 to 2012. Thank you. Did you have anything more? And also just, I want to also, although I think that my answer may have just kind of dealt with this, but counsel for the appellant also argued that our trial relied primarily on Kevin Wilson. And while, of course, Kevin Wilson's testimony was important, he was not the sole witness. He was not the sole witness who talked about Matthew Davis or his involvement in this drug conspiracy. And also I think it's important to point out that Kevin Wilson was heavily corroborated by a lot of the independent evidence in this trial that he had no knowledge of. Things like cell sites, phone records, and surveillance video. That he, when he told, when he relayed his account, both to the government and at trial, he had not seen any of that evidence. And so that evidence corroborated Kevin Wilson. What procedural effect, if any, should the motion for a new trial make on this appeal? Your Honor, we think that it has no impact on this appeal because Judge Forrest can deny a motion for a new trial while this appeal is pending. If she were to grant it, or if she wanted to grant it, the procedure, of course, would be to notify the court, this court, that she wishes to grant it. We also believe- Is there any indication as to how soon she might decide that motion? Your Honor, she has asked the government to respond to the motion in approximately, in a few weeks. So we believe that she is going to be considering it in the near future. We might decide this appeal before she rules on that motion. Is that correct? Of course, I can't anticipate exactly how quickly you will decide the appeal, but- In the normal course of events, we might do that. It is possible, yes. What would be the effect of that? I do not think that that would have any effect on the motion for a new trial based on newly discovered evidence. Judge Forrest can rule on it even if the mandate is here. Yes, that's correct, Your Honor. So the government, should it have a chance, would not point out to Judge Forrest that this court affirmed the conviction while that motion was pending, and argue that that is dispositive? No, Your Honor, because I think that the issue that's presented in the motion for a new trial based on newly discovered evidence is a very narrow one. First, in addressing that motion before Judge Forrest, we would argue about whether or not we believe that the evidence is newly discovered. And then, of course, if we assume for purposes of argument that it was newly discovered, what impact, if any, we believe it would have on the trial. And then if she, after hearing that argument, denied the motion for a new trial, then the defendant could file a new appeal of the denial for a motion for a new trial, but we don't actually think that the result of this appeal is going to impact that. Thank you. Thank you very much. Your Honor, I do want to address the motion for a new trial, given the situation just described by the government, which I disagree with strongly. It goes, I know, Your Honor. The point there goes directly to the violent, basically, enforcer theory. It is that, in fact, Kareem Thomas' testimony about the presence of my client at this meeting in October 25th, 2012, was anything but as a violent offender. The new trial, and obviously I cannot predict what Judge Forrest is going to do. She is given until November 30th, to be precise, for the government to respond. That- November 3rd or 30th? 30th. 30th. And she issued that order, which actually could be on your docket. But at the same time, the point being, it goes to the very heart of the government case that, in fact, Kareem Thomas is really the only witness that they can argue is a credible witness on the reasons for the discovery. Kareem Thomas' testimony about his so-called drug dealing is based on double hearsay of unavailable witnesses, number one. He never speaks to, he never sees, and he's a very weak witness. I mean, we're not in any position to treat as meritorious or meritless a motion that we haven't seen. I understand that, Your Honor. I do want to indicate when I say, I was first responded to that the government didn't say that drug dealing wasn't a minor portion or less important. And the record is 1801 to read the summation on that point. 1800 says exactly that the primary role is violent enforcer. The new trial motion based on newly discovered evidence goes directly to the Kareem Thomas' testimony at trial. Why was Matt Davis at the October 25 meeting? It underlies, takes three points. Now, obviously, the government is going to respond in vigor. But the three points are, one, that Matt Davis was there at the invitation of the family. He was not there having anything to do with Roger Key or Lucci. Number two, that he was there, they weren't worried about the kilo at all. They knew where the kilo was at the time. He had no role having to do with narcotics. And number three, that he is there, that in fact, the intercepts. Matt Davis is intercepted once in this entire trial. That is the point of my argument about the summation and why it could have misled. We can't decide that, and even if it is as pointed as you explained, we are not in a position to know whether the evidence is new or could have been obtained or anything else. I understand that. All I'm saying, Your Honor, is I want to make the point that in our view, it is a very important motion being made. And it goes to the heart of the government case is what was Matt Davis doing at this so called that the government is meeting, that the government has characterized him as a violent enforcer. It goes directly against that and is based on testimony of a cooperating witness, which we suggest could or should have been 3,500, which was on the government witness list. And should have been in the 3,500 material. So it is anything but a meaningless request and one that I think is important to this court to see the ruling on before deciding the appeal, because it goes to the heart of this appeal, whether Matt Davis was a violent enforcer for the Lucy drug conspiracy. Thank you. Thank you, Your Honor. Will reserve decision